UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARK MANFREDDY,
*a.k.a.* MARK ACEVEDO,

                            Plaintiff,

   -against-                                  9:05-CV-1366
                                                        (LEK/DRH)

GARY GREENE, Great Meadow New York State
Correctional Facility, Superintendent; JOHN
DOE, New York State Correction Officer,
an unknown employee of the New York State
Department of Correction,
                            Defendants.

## MEMORANDUM-DECISION AND ORDER

### I. Background

Plaintiff Mark Manfreddy, also known as Mark Acevedo, ("Plaintiff") commenced this action on October 27, 2005, the date of the filing of Plaintiff's Complaint. See Complaint (Dkt. No. 1). Plaintiff is seeking relief pursuant to 42 U.S.C. § 1983, claiming that Defendants violated Plaintiff's rights as protected by the Eighth and Fourteenth Amendments. See id.

Defendant Gary Greene ("Defendant") has filed a Motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to allege any personal involvement on the part of Defendant Superintendent Greene, and failed to allege any Eighth Amendment violation; and arguing that Defendant Superintendent Greene is entitled to qualified immunity in any event. See Defts' Motion (Dkt. No. 11). Although represented by counsel, according to the Docket, Plaintiff has not filed any response to Defendant's Motion, and thus the Motion is unopposed -

1

despite the fact that, upon Motion by Plaintiff, this Court granted an extension of time for response to Defendant's Motion to dismiss.  <u>See</u> Letter Motion & Order (Dkt. No. 12).

Upon review of the case file, and for the reasons that follow, Defendant's Motion is granted.

## II.  Discussion

### *A.  Standard of Law*

Federal Rule of Civil Procedure 12(b)(6) provides, in relevant part, that:  "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:... (6) failure to state a claim upon which relief can be granted...."  FED. R. CIV. P. 12(b)(6).

"A Rule 12(b)(6) motion requires the court to determine if the plaintiff has stated a legally sufficient claim.  A motion to dismiss under Rule 12(b)(6) may be granted only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'... The court's function is 'not to assay the weight of the evidence which might be offered in support' of the complaint, but 'merely to assess the legal feasibility' of the complaint."  <u>In re World Trade Ctr. Disaster Site Litig.</u>, Nos. 21 MC 100(AKH), 03 Civ. 00007 et al. (AKH), 2006 WL 2948819, at *22 (S.D.N.Y. Oct. 17, 2006) (Hellerstein, D.J.) (citing, *inter alia*, <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Geisler v. Petrocelli</u>, 616 F.2d 636, 639 (2d Cir.1980)).

Furthermore, "[t]he standard applicable to motions to dismiss is well-settled.  On a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must accept the allegations of the complaint as true, and draw all reasonable inferences in favor of the nonmoving party.... Therefore, the issue

2

before the Court on such a motion 'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Sula v. City of Watervliet, No. 1:06-CV-316 (NAM/DRH), 2006 WL 2990489, at *2 (N.D.N.Y. Oct. 19, 2006) (Mordue, C.J.) (citing Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999) (quoting Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir.1995))).

### B.  Defendant Superintendent Greene

Plaintiff has named Superintendent Greene as a Defendant to this action.  However, upon review of the Complaint (Dkt. No. 1), the Court finds that Plaintiff has failed to set forth any specific allegations against Defendant Greene.  Rather, it appears that Plaintiff has named Defendant Greene solely in his role as a supervisor.

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (citing and quoting, *inter alia*, Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)).  The doctrine of *respondeat superior* is inapplicable or insufficient in § 1983 cases.  See Wright, 21 F.3d at 501; Quintana v. McCoy, No. 9:03-CV-0924, 2006 WL 2827673, at *6 (N.D.N.Y. Sept. 29, 2006) (McAvoy, Senior D.J.; Treece, M.J.) ("'the doctrine of *respondeat superior* cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement.  Therefore, a prison official may not be found liable for a constitutional violation merely because of the acts of those under his control.'... Nevertheless, if a plaintiff seeks to bring a § 1983 action for supervisory liability, there needs to be a showing of

3

personal involvement by the supervisor.") (citing and quoting, *inter alia*, Kinch v. Artuz, No. 97 CIV. 2419 (LAP), 1997 WL 576038, at *2 (S.D.N.Y. Sept. 15, 1997) (which cited, *inter alia*, Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995) [other citations omitted]); Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003)).

  The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, "failed to remedy the wrong", (3) the defendant "created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue", (4) the defendant was "grossly negligent in managing subordinates" who committed the wrongful acts, or (5) the defendant exhibited "'gross negligence' or 'deliberate indifference' to the constitutional rights of inmates by failing to act on information indicating that unconstitutional practices" were occurring. Wright, 21 F.3d at 501 (citing and quoting, *inter alia*, Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986); McCann v. Coughlin, 698 F.2d 112, 125 (2d Cir.1983)).

  Plaintiff has not satisfied the burden of having alleged any personal involvement by Defendant Greene under the guidelines just discussed. And, absent any specific allegations of wrongdoing against Defendant Greene, Plaintiff's case against the Defendant fails.

  Having found that Plaintiff's case against Defendant Greene is dismissed for failure to allege personal involvement of the Defendant, the Court will not address Defendant's alternative arguments concerning the sufficiency of Plaintiff's allegations of Eighth Amendment violations, or Defendant's claim that Superintendent Greene is entitled to qualified immunity.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   November 06 2006
    Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge